Tyler Smith, OSB No. 075287
Tyler Smith & Associates, P.C.
181 N. Grant St., Suite 212
Canby, OR 97013
Tel. No. 503-266-5590
Fax No. 503-266-5594
E-mail: tyler@RuralBusinessAttorneys.com

Of Attorneys for Defendants

IN THE UNITED STATES DISRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MONICA GARCIA,<br><br>      Plaintiff,<br><br>    v.<br><br>WILLIAM AMES CURTRIGHT, AMES PROPERTIES LLC, AMES RESEARCH LABORATORIES,<br><br>      Defendants. | Case No. CV 11-6407-HO<br><br>**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS and MOTION TO STRIKE**<br><br>**Request for Oral Argument** |

**POINTS AND AUTHORITIES**

**1. MOTION TO DISMISS**

  Defendants are aware that historically motions to dismiss are not favored by the court. However Plaintiff's poorly pled Amended Complaint and Response necessitate this court's intervention to dispense with those issues prior to trial or discovery and avoid wasting both time and money by litigating spurious issues. See *Sidney Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir. 1983). Plaintiff has failed to allege a sufficient factual basis to substantiate any of the legal theories pled. After already filing the Complaint, the Amended Complaint, and

Page 1

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE**

TYLER SMITH & ASSOCIATES, P.C.
Tyler Smith, OSB# 075287
Nathan Goin, OSB# 114011
181 N. Grant St. STE 212, Canby, Oregon 97013
503-266-5590; Fax 503-266-5594

responding the Motion to Dismiss, Plaintiff continues to rest his argument upon case law that has been abrogated. Plaintiff's entire argument addresses the wrong legal standard, and her Amended Complaint is so deficient according to the correct standard that a full dismissal is required. Defendants put the Plaintiff on notice regarding these deficiencies prior to the filing of this Motion to Dismiss; however Plaintiff proceeded with her defective Amended Complaint. As such Defendants ask this court to to dismiss Plaintiff's claims with prejudice.

Plaintiff's Responsive Brief highlights the factual deficiencies of her Amended Pleading by providing a five and one-half page recitation of new factual assertions in an attempt to bolster her chance of surviving Defendants' Motion to Dismiss and Motion to Strike. However Plaintiff is wrong to believe that this court would erroneously view facts in a brief as if they were properly alleged in a Complaint.

Plaintiff's First and Third Claim for Relief are legally impossible based upon the facts as pled. For this reason these claims must be dismissed altogether for failure to state a claim as they are missing allegations of material fact in addition to being time barred by the statute of limitations as to two of the three Defendants. Furthermore, the allegations contained within Plaintiff's Second and Third Claim for Relief consist of little more than bare assertions and legal conclusions, which are not entitled to any assumption of truth at this stage in the proceedings. Similarly, the remaining allegations, as pled, are insufficient to substantiate any plausible claim for relief under the *Iqbal* and *Twombly* standards.

**Applicable Legal Standard**

Plaintiff only cites three cases in her entire argument and all three of them are either abrogated or from another jurisdiction. Plaintiff's mistaken legal analysis and defective pleading arises from her reliance on *Conley v. Gibson*, 355 U.S. 41, 42, 78 S. Ct. 99, 100 (1957), which

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE**

TYLER SMITH & ASSOCIATES, P.C.
Tyler Smith, OSB# 075287
Nathan Goin, OSB# 114011
181 N. Grant St. STE 212, Canby, Oregon 97013
503-266-5590; Fax 503-266-5594

was abrogated by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007). As such Plaintiff attempts to apply the incorrect legal standard in her Pleadings. This error is further compounded by Plaintiff's improper use of Sixth Circuit case law that is also abrogated by *Twombly*. While Plaintiff's lack of knowledge regarding proper pleading standards may explain the deficiencies in Plaintiff's Amended Complaint, this should not excuse Plaintiff from complying with the law. It is a fundamental pleading requirement that a complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." See *Car Carriers Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir. 1984), cert. denied, 105 S.Ct. 1758 (1985).

Given Plaintiff's complete failure to appropriately plead this case twice now, even after receiving notice from Defendants, dismissal with prejudice on that basis is justified. Dismissal of two Defendant based upon on the statute of limitations is required.

**Motion to Dismiss Standard**

To survive a motion to dismiss a complaint must contain sufficient factual matter that, when accepted as true, "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955 (2006). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Twombly,* 550 at 556, 127 S.Ct. 1955. As the Court held in *Twombly*, the pleading standard that Rule 8 announces does not require "detailed factual allegations," however it demands more than an unadorned the-defendant-unlawfully-harmed-me accusation. *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955 citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932 (1986). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555,

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE**

TYLER SMITH & ASSOCIATES, P.C.
Tyler Smith, OSB# 075287
Nathan Goin, OSB# 114011
181 N. Grant St. STE 212, Canby, Oregon 97013
503-266-5590; Fax 503-266-5594

127 S.Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Twombly,* 550 at 557, 127 S.Ct. 1955. Plaintiff's Amended Complaint is devoid of factual enhancement and is filled with labels, conclusions and formulaic recitations.

1. **Plaintiff's First Claim for Relief fails to state a claim for which relief can be granted because the type of employment Plaintiff engaged in was exempt from FLSA coverage.**

As explained fully in Defendant's prior brief, minimum wage and overtime sections 206 and 207 of the Fair Labor Standards Act, codified at 29 U.S.C. § 206 and § 207, simply do not apply to this case because the Plaintiff performed FLSA exempt companionship services. 29 USC § 213(a)(15). The fact that Plaintiff performed FLSA exempt companionship services is uncontested as Plaintiff admits that she performed these services in her Amended Complaint. Pl. Am. Compl. 3:1-4; 3:24-25. The facts alleged in Plaintiff's Amended Complaint do not allow this court to draw a reasonable inference that could make 29 U.S.C. Section 206 or 207 apply to the parties.

Plaintiff does not allege any facts in the First Claim for Relief which, even if accepted as true, could establish a claim under Sections 206 or 207 of the Fair Labor Standards Act. Plaintiff's theory of recovery in her First Claim for Relief arises under 29 U.S.C. § 206 and 207, with a claim for attorney fees arising under § 216. The facts that Plaintiff does allege confirm that she was providing <u>companionship services,</u> "Curtright's mother's Alzheimer's progressed and she required 24 hour care". Pl. Am. Compl. 3, ¶ 15 Defendant even admits this is true in her brief, "Ms. Garcia (Plaintiff) originally did provided some companion services …", however Plaintiff goes on to assert in her Response brief five (5) arguments on why she believes the minimum wage and overtime provisions of the Fair Labor Standards Act should still apply. Pl. Resp. 7:8. None of these arguments have any merit.

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE**

TYLER SMITH & ASSOCIATES, P.C.
Tyler Smith, OSB# 075287
Nathan Goin, OSB# 114011
181 N. Grant St. STE 212, Canby, Oregon 97013
503-266-5590; Fax 503-266-5594

Plaintiff argues that "Force Labor is not Companionship services". Pl. Resp. 7:4. Plaintiff's first argument makes no sense because it is not based on any legal or factual theory. This argument should be ignored. Companionship services consist of particular job duties that have been carefully defined by statute and corresponding regulations.

Plaintiff seems to recognize that the "overtime" and "minimum wage" statute does not apply to her First Claim for Relief, because in her second argument Plaintiff abruptly changes her core legal theory by arguing at least three times in her Response brief that she was not paid for all the time she worked. Pl. Resp. 7:5-7:7, 7:22-:7:24, 8:12-8:13.

Likewise, in a desperate attempt to salvage her first claim for relief the Plaintiff appears to inject a theory of liability based in contract.

> "Even if some labor was considered companion labor, Ms. Garcia has clearly stated that she was not paid for all the hours she worked. The issues of wage rate or overtime are not relevant to this point." Pl. Resp. 9:1-9:3.

Plaintiff's own statement explains that the Section 206 and 207 of the FLSA have nothing to do with the facts pled by Plaintiff and why the First Claim for Relief must be dismissed. Dismissal must be granted as Plaintiff has attempted to plead a cause of action premised on violation of the wage and overtime requirements of the Federal Labor Standards Act, not breach of contract. A claim for overtime or minimum wages cannot be saved by facts alleging a contract claim (even though improperly alleged in a brief). Even if Plaintiff's claim was true, which it is not, Plaintiff's argument would only be an allegation of breach of contract and therefore would be insufficient to raise a cause of action under 29 U.S.C. Section 206 or 207.

Plaintiff's brief acknowledges that wage rate and overtime are not relevant to facts she alleged, yet Plaintiff persists in bringing her First Claim for Relief under Section 206 and 207.

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE**

TYLER SMITH & ASSOCIATES, P.C.
Tyler Smith, OSB# 075287
Nathan Goin, OSB# 114011
181 N. Grant St. STE 212, Canby, Oregon 97013
503-266-5590; Fax 503-266-5594

Plaintiff's newly formed contract theory highlights how frivolous Plaintiff's claims are. 29 U.S.C. Sections 206 or 207 have nothing to do with a breach of contract. Those two statutory provisions relate exclusively to "Minimum wage" and "Maximum Hours" respectively. As such Plaintiff's argument is moot and has no relevance to the claims or theories in the Amended Complaint. Plaintiff cannot transform the claims made in her Amended Complaint into different legal theories through a responsive brief. Likewise, Plaintiff's fourth argument is also erroneous as it simply repeats Plaintiff's contractual theory by by stating that "the agreed upon hourly rate must be paid." Pl. Resp. 7:22-7:24.

Plaintiff's Response also attempts to impermissibly inject new facts into the amended complaint. For example, Plaintiff creates the new allegation that "over 20 percent of her time was performing other services". Pl. Resp. 7:8-7:9. First, this is a new allegation not contained in the Amended Complaint so it must be ignored. Plaintiff must have stated a valid legal claim with the facts alleged on the face of the Amended Complaint or the claim must be dismissed or amended. Second, this allegation directly contradicts Plaintiff's claim in the Amended Complaint that she "was required to provide care for Curtright's Mother 24 hours a day." Pl. Am. Comp. 4:9-4:10 In her brief Plaintiff asserts that she was working for three different entities and doing non-companionship services in at least some of the roles, yet her Amended Complaint says that she "was required to provide care for Curtright's Mother 24 hours a day." Pl. Am. Comp. 4:9-4:10. These two allegations are mutually exclusive and cannot both be true.

Plaintiff offers no plausible set of facts in her claim that would relieve Plaintiff from the legal conclusion that 29 U.S.C. Section 206 and 207 simply do not apply here. Plaintiff's First Claim for Relief must be dismissed as she has failed to plead a cause of action under the applicable legal standard. Companionship services are clearly defined by regulation. 29 C.F.R.

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE**

TYLER SMITH & ASSOCIATES, P.C.
Tyler Smith, OSB# 075287
Nathan Goin, OSB# 114011
181 N. Grant St. STE 212, Canby, Oregon 97013
503-266-5590; Fax 503-266-5594

§552.6. The face of the Complaint is the only source of factual allegations which matter at this stage of the proceeding and there is no factual content alleged that would lead to any other inference other than Plaintiff's own admissions that "Curtright's mother's Alzheimer's progressed and she required 24 hour care." Pl. Am. Compl. 3, ¶ 15. The facts that Elaine Theiman was old, had Alzheimer's disease, and was infirm are either stated or obvious from the face of the Complaint and as such function as party admissions. It is obvious based upon the face of the Plaintiff's Amended Complaint that Plaintiff was providing companionship services, given Elaine Theiman's age and health, which she admitted in her Response to Defendant's Motion to Dismiss and Motion to Strike." Pl. Resp. 8:22-8:24. Plaintiff goes on to argue that discovery will allow her to determine if she spent more than 20% of her time doing "general household work". Plaintiff has an obligation under Fed. R. Civ. Pro 8 to state a valid claim for relief before she can open the door to discovery. If she fails to state a claim the complaint must be dismissed. See *Sidney Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir. 1983). Furthermore, Plaintiff does not need discovery to determine how much she worked or where she worked. She should have pled those facts. Plaintiff worked at her own home and is the only person that will know how much time she spent doing "general household work" as defined in the CFR.

While it is simply implausible that Plaintiff could work 24 hours per day for 44 months as claimed, she must still plead facts sufficient to create a claim under 29 U.S.C. 206 or 207. Plaintiff expects this court to believe that there could be some set of facts prove at trial that Ms. Garcia was caring for Ms. Theiman 24 hours a day at her house, while also working for another employer and traveling between job sites. This is logically impossible. Under the *Twombly* and *Iqbal* standard, the only plausible inference from the facts alleged on the face of Plaintiff's

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE**

TYLER SMITH & ASSOCIATES, P.C.
Tyler Smith, OSB# 075287
Nathan Goin, OSB# 114011
181 N. Grant St. STE 212, Canby, Oregon 97013
503-266-5590; Fax 503-266-5594

pleading is that Ms. Theiman lived in Plaintiff's house full time and that Plaintiff wants to be compensated as if she was actually working 24 hours per day. This is corroborated by Plaintiff's own brief. In her brief Plaintiff now claims she is entitled to be paid an additional 8 to 11 hours of wages per day, seven days a week, for the last 44 months because she claims she was working 24 hours per day. Sections 206 and 207 of the FLSA simply do not apply. Dismissal is appropriate as to these claims as Plaintiff has failed to plead facts to make a plausible claim to demonstrate that 29 U.S.C. Sections 206 and 207 could be applicable to her claims.

For these reasons the First Claim for Relief must be dismissed.

**2. Plaintiff has failed to state a claim for relief on her First and Third Claims for Relief against Mr. William Curtright in his personal capacity and Ames Research Laboratories Inc.**

Plaintiff does not argue that anything other than the two year statute of limitations cited by Defendants is applicable.[1] Whether the standard is one year or two years does not matter in this case as there was only one employer since 2008. Plaintiff's Amended Complaint does not specifically deny this, instead Plaintiff relies upon non-descriptive, generic, naked assertions that Plaintiff had done the same role and the same work for the last six years. Pl. Am. Compl. 2:22-2:23. However, Plaintiff's pleading goes on to admit that her job, job duties, hours, tasks, location of work, etc. changed multiple times during the period of 2006 to 2011. For instance, Plaintiff claims that at some time between 2007 and April of 2008 she was working 9 to 6 in Albany. Pl. Am. Compl. 3:3-5. She then alleges that in April of 2008 "Curtright forced Plaintiff to care for his mother 24 hours a day in Plaintiff's home." Pl. Am. Compl. 3:27-3:28. If

---

[1] The employment agreement was not formed as a result of discriminatory conduct since Plaintiff admits she voluntarily entered into the contract. Yet in fact, it is arguable that in Oregon a one year statute of limitations applies to civil rights torts as Oregon has a statute specifically addressing discrimination claims which provides only a one year statute of limitations.

Page 8

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE**

TYLER SMITH & ASSOCIATES, P.C.
Tyler Smith, OSB# 075287
Nathan Goin, OSB# 114011
181 N. Grant St. STE 212, Canby, Oregon 97013
503-266-5590; Fax 503-266-5594

Plaintiff's allegations are assumed to be true for purposes of Rule 12, then Plaintiff was caring for Ms. Theiman 24 hours a day from April 2008 onward, and thus could NOT have also been working a second and third job cleaning the Curtrights' personal residence in addition to cleaning the offices at Ames Research Laboratories Inc.

Once more, if Plaintiff's allegations are accepted as true for the purposes of Rule 12 this court cannot draw a plausible inference that Plaintiff did any work for Mr. Curtright personally or Ames Research Laboratories Inc. within the last two years as Plaintiff was working at her own home 24 hours a day caring for Elaine Theiman. Because Plaintiff has not worked for the other two Defendants' within the last two years her First and Third Claim for Relief must be dismissed with prejudice as barred by the applicable 2 year statute of limitations.

The face of the pleadings do not explain why three different Defendants were named in this lawsuit, however it is clear that Plaintiff is being evasive regarding any factual allegations concerning when Plaintiff worked for any of the specific parties. Even in her Response Brief Plaintiff refuses to explain whom she actually worked for at what time. Plaintiff even goes so far as to abruptly change her initial argument, as made in her Amended Complaint, by asserting In her Responsive Brief Plaintiff that she only worked for "Curtright". Pl. Resp. 10:2-10:7. Does this mean that Plaintiff now concedes that she has not worked for Ames Research Laboratories Inc. in the last two years? We cannot be sure as neither the complaint nor the responsive brief provide sufficient factual clarity to resolve Plaintiff's conflicting claims.

Plaintiff's employment agreement was formed over 2 years ago as such her claims are now barred by the statute of limitations. Likewise, the inferences that Plaintiff hopes this court will make from her Pleadings are neither plausible nor rational and are often contradicted by her subsequent allegations. For these reasons Defendants' Motion to Dismiss Ames Research

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE**

TYLER SMITH & ASSOCIATES, P.C.
Tyler Smith, OSB# 075287
Nathan Goin, OSB# 114011
181 N. Grant St. STE 212, Canby, Oregon 97013
503-266-5590; Fax 503-266-5594

Laboratories Inc. and William Curtright personally should be granted with respect to Plaintiff's the First and Third Claims for Relief.

### 3. Plaintiff's Third Claim for Relief does not contain any factual allegations relating to race discrimination and therefore fails to state a claim for relief.

Plaintiff concedes this argument at least in part. Plaintiff should not be allowed to amend her claim a second time as she continues to put forth Claims that have no basis in the facts alleged or the applicable law. Plaintiff again improperly asks this court to rely upon case law that has been abrogated by the United States Supreme Court. The only case that Plaintiff cites in support of her position is *Conley v. Gibson*, 355 U.S. 42, 78 S.Ct. 99 (1957), which has been abrogated by *Twombly* as discussed above. Plaintiff's entire argument addresses the wrong legal standard.

Under that legal standard, Plaintiff's Third Claim for Relief does not state facts sufficient to support a cognizable claim. This court is not obligated to accept as true bare legal conclusions or recitals of the elements of a cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). Likewise, conclusory statements do not suffice to state a claim. *Ashcroft*, 129 S. Ct. at 1949. A complaint does not suffice if it tenders "naked assertion[s]" devoid of further factual enhancement." *Ashcroft*, 129 S. Ct. at 1949 citing *Twombly*, at 557, 127 S.Ct. 1955. "[A] complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory" See *Car Carriers Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir. 1984), cert. denied, 105 S.Ct. 1758 (1985).

Plaintiff's Third Claim for Relief, which constitutes paragraphs 32 through 37 of the Amended Complaint, does not contain any actual factual assertion in relation to the parties. Pl. Am. Compl. ¶¶ 32-37. There is no allegation that any contract or right to sue was denied to

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE**

Plaintiff nor does Plaintiff allege she was denied any benefit of the law or proceeding that a white person enjoyed.  Plaintiff has clearly exercised her right to sue, curiously doing it only after she was terminated, and there is insufficient factual allegation to even argue that Defendants somehow obstructed Plaintiff's right to enter into an employment contract, or otherwise negotiated an employment contract with her in a racially discriminatory manner.

Careful analysis of Plaintiff's Third Claim clearly demonstrates that Plaintiff has attempted to couch legal conclusions as factual allegations.  Plaintiff's Third Claim is completely devoid of  factual enhancement and consists of little more than a a non-descriptive generic recital of the statute.  Plaintiff's legal conclusions and bare bones recitation of the legal standard are insufficient as a matter of law to survive a motion to dismiss.  Under *Twombly* Plaintiff's Third Claim for Relief must be dismissed as her complaint, even if accepted as true, does not provide a sufficient factual allegations to plausibly suggest unlawful action has occurred.  *Twombly*, at 570, 557, 127 S.Ct. 1955.

**4. Plaintiff's Second Claim for Relief Fails to state a claim for which relief can be granted because it fails to allege facts that could make the claim plausible.**

This court should not accept as true bare legal conclusions or recitals of the elements of a cause of action.  *Ashcroft,* 129 S. Ct. at 194. Likewise, conclusory statements do not suffice to state a claim.  *Ashcroft,* 129 S. Ct. at 194.  Plaintiff's Second Claim for Relief consists of nothing more than a recitation of the statute and a series of conclusory statements. Pl. Am. Compl. ¶¶ 28-29. For example, this is clearly demonstrated by Plaintiff's generalized allegation of "threats of harm and threatened abuse of law or legal process," which is merely a recitation of the statute phrased as a legal conclusion. Pl. Am. Compl ¶ 28:10-28:11. Given Plaintiff's failure to properly plead her complaint her Second Claim for Relief must be dismissed as insufficient as a matter of

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE**

TYLER SMITH & ASSOCIATES, P.C.
Tyler Smith, OSB# 075287
Nathan Goin, OSB# 114011
181 N. Grant St. STE 212, Canby, Oregon  97013
503-266-5590; Fax 503-266-5594

law. Plaintiff's only factual claims in the Second Claim for Relief consist of the re-allegation of paragraphs 1 though 26 of the Amended Complaint, in addition to the claim that she "was forced care[d] for [Elaine Theiman] 24 hours a day without pay or for pay below the minimum wage". Pl. Am. Compl. 5:17-5:18. As already discussed, these allegations are implausible based Plaintiff's subsequent allegations of concurrent employment with Mr. Curtright and Ames Research Laboratories, Inc. The reason we are even here is that Plaintiff was terminated, not forced to continue work. Plaintiff and her husband have worked for Defendants multiple different occasions, Plaintiff admits this but conveniently excludes from her Amended Complaint any detail about when and why she switched jobs or when and why her employer changed.

Plaintiff admits that she worked from her own home, had her own car, and lived in her own house. Pl. Am. Comp. 3:27-3:28. She lives in Salem and Defendant Curtright lives in Jefferson. Plaintiff also admits that she was paid "very good hourly wages," and had voluntarily entered into the employment relationship. Pl. Resp. 2:10, 6:4-6:5. It is simply impossible to believe that Plaintiff was a slave when she owned her own car, lived in her own home, negotiated raises, changed jobs, drove around town, and sued Defendants when Ames Properties terminated her.

Likewise, Plaintiff's husband quit and then came back to work for Ames Research Laboratories Inc.. Plaintiff's husband was even given a written employment warning by his boss (not Mr. Curtright) and threat of termination when he improperly touched a female employee at Ames Research Laboratories Inc. This further demonstrates that Defendants engaged in an ordinary employment relationship with Plaintiff and her husband. To argue that Defendants had trafficked Plaintiff, held her against her will, or otherwise used her as a slave is simply ridiculous. Defendants employment records show that Plaintiff and her husband are both have

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE**

TYLER SMITH & ASSOCIATES, P.C.
Tyler Smith, OSB# 075287
Nathan Goin, OSB# 114011
181 N. Grant St. STE 212, Canby, Oregon 97013
503-266-5590; Fax 503-266-5594

valid driver's licenses, social security cards, and are in the United States legally (her husband states he is a Citizen. Dec. William Curtright 2 ¶ 3. At a minimum Plaintiff has very good fake documentation, or is actually legally in the United States, therefore in no way shape or form could be subject to deportation by a private citizen and it is not plausible for such a claim to survive with the facts pled.

For these reasons Plaintiff's Second Claim for Relief should be dismissed. A careful analysis of Plaintiff's Second Claim for Relief clearly demonstrates that her claims are both not plausible and insufficiently pled and should be dismissed under the *Iqbal* standard. Plaintiff has completely failed to plead facts to allege that Defendants' engaged in "peonage, slavery, or trafficking in persons."

Finally, Plaintiff has provided proof of valid United States Citizenship, residency or legality and therefore cannot somehow be slave, deported or trafficked. Dec. William Curtright 2 ¶ 3. The court may consider documents outside of the pleadings when ruling on a motion to dismiss when the content of those documents is alleged in the complaint, and neither party questions their authenticity. *Anderson v. Clow*, 89 F.3d 1399, 1405 n 4 (9th Cir. 1996). Plaintiff cannot legitimately dispute the authenticity of her own identification documents which clearly indicate she is legal and has a social security number. Her husband claims to be a citizen. Dec. William Curtright 2 ¶ 3. There is no plausible way that Plaintiff was compelled to work for Defendant by the threat of deportation. Even though factually it never happened, a threat of deportation would have been meaningless, null and void because Plaintiff is legal.

A similar logical disparity arises when we consider Plaintiff's allegation that she was forced to work for Defendants' but (falsely) alleges that she was terminated during the Governor's election (whether it was 2006 or 2010 as Plaintiff pointed out is mostly irrelevant,

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE**

TYLER SMITH & ASSOCIATES, P.C.
Tyler Smith, OSB# 075287
Nathan Goin, OSB# 114011
181 N. Grant St. STE 212, Canby, Oregon 97013
503-266-5590; Fax 503-266-5594

except that Plaintiff's contention that it was the 2006 election corroborates that the statute of limitations has expired). If Plaintiff was terminated as she alleges, could not have also been forced to work.

Even if we assume the facts as alleged in Plaintiff's Amended Complaint are true Plaintiff's Second Claim for Relief must fail as it is internally inconsistent and otherwise logically impossible. On the face of the pleading, even assuming the facts alleged to be true, this claim for relief is implausible. When Plaintiff's legal conclusions and statutory recitals are ignored we are left with few if any factual assertions with which to base a claim for relief. As such, Plaintiff's Second Claim for Relief should be dismissed with prejudice.

## CONCLUSION

Plaintiff's first claim for relief must be dismissed as to all parties because, as explained above, the allegations do not constitute a valid legal claim under the laws pled. Defendants Curtright and Ames Research Laboratories Inc., should be dismissed as to Plaintiff's First and Third Claims for Relief because more than two years have passed since those Defendants are alleged to have contracted with Plaintiff regarding her employment. Plaintiff's Third Claim for Relief should also be dismissed because she does not meet the pleading burden under FRCP 8 to make out a claim for relief. Plaintiff's Second and Third Claims for relief are implausible, and even when the few well-pled facts are assumed to be true, Plaintiff's claims are internally inconsistent and have not gone beyond legal conclusions and threadbare assertions. In total, these pleading deficiencies affect Plaintiff's entire case. Plaintiff has already been allowed to

Page 14

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE**

TYLER SMITH & ASSOCIATES, P.C.
Tyler Smith, OSB# 075287
Nathan Goin, OSB# 114011
181 N. Grant St. STE 212, Canby, Oregon 97013
503-266-5590; Fax 503-266-5594

amend once due to these deficiencies, yet she has failed to correct these issues. For these reasons Defendants' Motion to Dismiss should be granted and this case dismissed with prejudice.

DATED: March 1, 2012.

Tyler Smith & Associates, P.C.

By: /s/Tyler Smith

Tyler Smith, OSB# 075287
Nathan Goin, OSB# 114011
Of Attorneys for Defendants
181 N. Grant St., STE 212, Canby, OR 97013
Phone: 503-266-5590; Fax: 503-266-5594

Page 15

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE**

TYLER SMITH & ASSOCIATES, P.C.
Tyler Smith, OSB# 075287
Nathan Goin, OSB# 114011
181 N. Grant St. STE 212, Canby, Oregon 97013
503-266-5590; Fax 503-266-5594

# CERTIFICATE OF SERVICE

I HERBY CERTIFY that on the 1st day of March, 2012, I caused a true copy of REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE, DECLARATION OF WILLIAM CURTRIGHT and EXHIBITS to be served upon the following named parties or their attorney by first class mail as indicated below and addressed to the following:

James Davis
PO Box 7399
Salem, OR 97303

Mailing was done by _x_ first class mail, and by ____ certified or ____ registered mail, return receipt requested with restricted delivery, _____express mail, e-mail _____, or facsimile __, or electronically to CM/ECF participants __X_.

DATED this 1 day of March, 2012.

Tyler Smith & Associates, P.C.

By: /s/Tyler Smith
Tyler Smith, OSB# 075287
Nathan Goin, OSB# 114011
Of Attorneys Defendants
181 N. Grant St., STE 212
Canby, OR 97013
Phone: 503-266-5590; Fax: 503-266-5594

Page 16

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE**

TYLER SMITH & ASSOCIATES, P.C.
Tyler Smith, OSB# 075287
Nathan Goin, OSB# 114011
181 N. Grant St. STE 212, Canby, Oregon 97013
503-266-5590; Fax 503-266-5594